### BRADFORD v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 14, 1915.)

#### No. 2643.

PUBLIC LANDS ☜130—CANCELLATION OF PATENTS—LIABILITY FOR IMPROVE-
MENTS.

On the cancellation as invalid of patents to public lands, the claimant under such patents cannot recover from the United States the cost of improvements made on the land, or taxes paid thereon under the laws of the state, in the absence of any contract by the United States, express or implied, to repay such sums.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 346; Dec. Dig. ☜130.]

Appeal from the District Court of the United States for the Eastern District of Louisiana; Wm. I. Grubb, Judge.

Suit in equity by James L. Bradford against the United States. From a decree of dismissal, complainant appeals. Affirmed.

James L. Bradford and Donelson Caffery, both of New Orleans, La., for appellant.

Walter Guion, U. S. Atty., of New Orleans, La., for the United States.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. In our opinion the case is controlled by Bradford v. United States, 228 U. S. 446, 33 Sup. Ct. 576, 57 L. Ed. 912, so far as it is therein decided that the District Attorney of the United States was without authority to bind the United States by a contract express or implied to pay for improvements and taxes on public lands.

Accepting the appellant's contention that the adjustment made in settling the cases in court was in effect a compromise, we conclude that the same as a compromise did not extend to or in any wise cover, but expressly reserved, the right of Bradford to claim under the laws of Louisiana for any improvements that he may have made or taxes paid upon the lands in controversy.

To assert such claim the bill in the present case was brought, and under the averments thereof the motion to dismiss was properly grant-

ed, unless the claims of Bradford for taxes and improvements as a possessor in good faith under the laws of Louisiana can be maintained against the United States as resulting from an express or implied contract.

There was certainly no express contract, and the averment of such contract in the bill must be taken as a conclusion of law, not admitted by the motion to dismiss; and there can be no implied contract for the United States to pay for improvements made upon public lands, unless authority for the construction of such improvements can be found in some law of the United States (which is not contended in this case), or that the United States, after allowing improvements to be made on the public lands, have accepted or benefited by the same, of which there is no allegation in this case. See United States v. Doullut, 213 F. 729, 130 C. C. A. 243.

The decree of the court, entered in pursuance of the compromise, avoided, canceled, and annulled the patents that had been issued and the conveyances made thereunder, and restored to and declared the lands to be the property of the United States. This cancellation has the effect of wiping out as though never existing the patents and conveyances in question. Certainly Bradford under no law of Louisiana, no matter whether in good or bad faith, can recover against the United States for improvements made on public lands of the United States without the consent or authority of the United States, and where the United States have not in any wise accepted or benefited by the improvements for which compensation is claimed.

As the lands in question must, as an effect of the cancellation of the patents, be considered as continuously the public property of the United States, the United States cannot be held to repay taxes levied and paid under authority of the state of Louisiana.

The decree appealed from is affirmed.