SHAW v. WORK, Secretary of the Interior.

(Court of Appeals of District of Columbia. Submitted October 7, 1925. Decided November 2, 1925. Motion for Rehearing Denied November 21, 1925.)

No. 4191.

Woods and forests ⊂⇒8—Presidential order withdrawing public lands from settlement held not invalid.

Presidential order, under Act June 25, 1910 (Comp. St. §§ 4523–4525), withdrawing from settlement certain public lands pending disposition by Congress of legislation looking to inclusion of such lands within national forest, *held* not to become ineffective on failure of enactment of such legislation, so as to leave land open for selection under Act June 4, 1897, and Act June 6, 1900, in lieu of land previously relinquished to government, nor was such withdrawal order invalid because made before final determination on appeal of litigation to cancel prior patents fraudulently obtained under Timber and Stone Act (Comp. St. §§ 4671–4673, 4988, 10216), or because, under act of 1910, Congress only had power to creat forest reserve in state involved; order not being attempt to create reserve.

Appeal from Supreme Court of District of Columbia.

Suit by Alexander C. Shaw, attorney in fact for N. R. Waterman, against Hubert Work, Secretary of the Interior. From a decree dismissing his bill, plaintiff appeals. Affirmed.

F. W. Clements, of Washington, D. C., for appellant.

C. E. Wright and O. H. Graves, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN·ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, plaintiff below, as attorney in fact for one N. R. Waterman, filed a bill in equity in the Supreme Court of the District of Columbia, seeking a mandatory injunction to compel defendant Hubert Work, as Secretary of the Interior, to vacate, set aside, and hold for naught certain decisions theretofore made relative to certain lands situated in the state of Oregon, which plaintiff sought to select in lieu of lands surrendered to the United States for forest reserve purposes. From a decree dismissing the bill, plaintiff appealed.

In the year 1900 the land in question was entered under the Timber and Stone Act of June 3, 1878 (20 Stat. 89 [Comp. St. §§ 4671–4673, 4988, 10216]), and thereafter a patent was issued. In 1908 the United States filed suit in the Circuit Court of the United States for the District of Oregon to cancel and set aside the patent on the ground that the original entry was fraudulent. On October 20, 1910, the court entered a decree canceling, annulling, and setting aside the patent. United States v. Smith et al. (D. C.) 181 F. 545. Appeal was taken to the Circuit Court of Appeals for the Ninth Circuit, where the decree of the lower court was affirmed. Linn & Lane Timber Company et. al. v. United States, 196 F. 593, 116 C. C. A. 267. An appeal from this decision was taken to the Supreme Court of the United States, where the lower court was affirmed on March 8, 1915. 236 U. S. 574, 35 S. Ct. 440, 59 L. Ed. 725.

On April 20, 1916, the Commissioner of the General Land Office wrote a letter to the register and receiver of the United States land office at Roseburg, Or., stating that the patents to the 120 acres of land here involved, and other lands in the same vicinity, "have been canceled by decree of court, which decrees have become finally effective and have been duly recorded; that, however, said lands were withdrawn by executive order of August 13, 1912, pending the enactment of legislation in regard thereto"; and hence that they should note upon their records that the patents thereto "have been canceled and the lands restored to the public domain, but will not become subject to entry or any form of disposal until you are so instructed by this office."

On November 22, 1917, the appellant selected the land in controversy under the provisions of the Act of Congress of June 4, 1897 (30 Stat. 36), which is in part as follows: "That in cases in which a tract covered by an unperfected bona fide claim or by a patent is included within the limits of a public forest reservation, the settler or owner thereof may, if he desires to do so, relinquish the tract to the Government, and may select in lieu thereof a tract of vacant land open to settlement not exceeding in area the tract covered by his claim or patent."

By the Act of Congress of June 6, 1900 (31 Stat. 614), the right of selection was limited to the "vacant surveyed and nonmineral public lands which are subject to homestead entry." This case turns, therefore, upon the sole question of whether or not on November 22, 1917, the land in controversy was vacant, surveyed, and nonmineral public land subject to homestead entry.

By Act of Congress of June 25, 1910 (36 Stat. 847 [Comp. St. §§ 4523–4525]), it was provided "that the President may, at any

time in his discretion, temporarily withdraw from settlement, location, sale, or entry any of the public lands of the United States including the District of Alaska and reserve the same for water-power sites, irrigation, classification of lands, or other public purposes to be specified in the orders of withdrawals, and such withdrawals or reservations shall remain in force until revoked by him or by an act of Congress." The act contains the following proviso: "That hereafter no forest reserve shall be created, nor shall any additions be made to one heretofore created, within the limits of the states of California, Oregon, Washington, Idaho, Montana, Colorado, or Wyoming, except by act of Congress."

The President, on August 13, 1912, issued the following order withdrawing from settlement 3,200 acres of land, including the land here involved: "Under authority of the Act of Congress approved June 25, 1910 (36 Stat. 847), and on the recommendation of the Secretary of Agriculture, it is hereby ordered that the public lands herein described be temporarily withdrawn from settlement, location, sale or entry, subject to the provisions of the aforesaid act. * * * The object of this withdrawal is to withhold from disposition lands awarded the United States by the Circuit Court for Oregon October 20, 1910, and May 20, 1912, by the Circuit Court of Appeals, pending disposition by Congress of legislation now before it looking to the inclusion of the lands within a national forest."

It is urged by counsel for plaintiff that, inasmuch as the legislation then pending in Congress failed of enactment, the order of the President ended with the final adjournment of that Congress, and that this order was no longer effective when plaintiff attempted to make his entry in 1917. We are not impressed by this contention. While the order of withdrawal incidentally referred to pending legislation in Congress, it was evidently intended to operate as a temporary withdrawal until such time as Congress might act in the premises. The order of withdrawal, however, under the authority conferred on the President by the Act of June, 1910, must, by the terms of the act, stand "until revoked by him or by an act of Congress." No such revocation has been made.

This order of withdrawal was considered by the Circuit Court of Appeals of the ninth Circuit in Byron v. United States, 259 F. 371, 170 C. C. A. 347, 376, where the same contention was made as here, that the President was without authority to temporarily withdraw these lands in the manner set forth in his order; but the court, dismissing this contention, said: "We do not find that the power of the President is as limited as plaintiff in error argues it is, and in our opinion a temporary withdrawal, in order to include the land within a national forest, is within the general purposes contemplated by the statute."

The validity of the President's order of withdrawal was not affected by reason of its antedating the affirmance of the decree of cancellation by the Supreme Court. The order embraced all the rights of the government in the land, both legal and equitable. It logically follows that, where the government has been fraudulently divested of its title, as in the present case, only the legal title passed; hence, where the legal right thus conveyed is subsequently canceled, "an order of reservation made while legal title was outstanding is effective, 'for the complete title is merely reunited where the equitable title was all the time.' * * * This cancellation has the effect of wiping out as though never existing the patents and conveyances in question." Byron v. United States, 259 F. 371, 170 C. C. A. 347; Bradford v. United States, 222 F. 258, 138 C. C. A. 69.

The contention of counsel for plaintiff that the state of Oregon is exempt from the operation of the Act of June 25, 1910, vesting the President with the power of withdrawal, is without foundation, since the exemption relates solely to an attempt to create a forest reserve, or an addition to an existing reserve, otherwise than by an act of Congress. The President, in the order here in question, is attempting neither to create a forest reserve, nor add to one already existing. He merely withdrew the land from settlement pending action by Congress, which alone has the power under the act to create forest reserves within the states therein named. In other words, the President withdrew the land, not to create a forest reserve, but that Congress might. However, the power of withdrawal is inherent in the President without the express authority of Congress. United States v. Midwest Oil Co., 236 U. S. 459, 35 S. Ct. 309, 59 L. Ed. 673.

The decree is affirmed, with costs.